FILED

2011 DEC 22  A 9: 01

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT

VENABLE LLP
Douglas C. Emhoff (SBN 151049)
Tamany Vinson Bentz (SBN 258600)
Email:   demhoff@venable.com
         tjbentz@venable.com
2049 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone:  (310) 229-9900
Facsimile:  (310) 229-9901

VENABLE LLP
Martin L. Saad
Email:   msaad@venable.com
575 7th Street, NW
Washington, DC 20004
Telephone:  (202) 344-4000
Facsimile:  (202) 344-8300

Attorneys for Plaintiff The Bowden Group

E-filing

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE

| | |
|---|---|
| THE BOWDEN GROUP, a California Partnership, <br><br> Plaintiff, <br><br> v. <br><br> STORAGE CONTROL SYSTEMS, INC., a Michigan corporation <br><br> Defendant. | CASE NO. CV11-06600 EJD <br><br> **COMPLAINT** <br><br> **JURY DEMANDED** |

LADoc1#327921

COMPLAINT

BY FAX

Plaintiff The Bowden Group, a California Partnership ("Plaintiff"), for its Complaint against Defendant Storage Control Systems, Inc., a Michigan Corporation ("Defendant") hereby alleges as follows:

## PARTIES

1. Plaintiff is a California partnership with places of business in Hawaii and Watsonville, California.

2. Defendant is a company incorporated under the laws of the State of Michigan with its principal place of business in Sparta, Michigan.

## NATURE OF THE ACTION

3. This is a civil action for the infringement of U.S. Patent No. 6,305,148 ("the '148 Patent") under the Patent Laws of the United States, 35 U.S.C. §1 *et seq.*

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Patent Laws of the United States, 35 U.S.C. § 271 *et seq.*

5. This Court has personal jurisdiction over Defendant because it has purposely availed itself of the privileges and benefits of the laws of the State of California.

6. Upon information and belief, Defendant has customers in California and directly and/or through authorized intermediaries, ships, distributes, makes, uses, offers for sale, sells and/or advertises their products and services, including the accused products and services, to customers in California and particularly in the District.

7. Venue is proper in this judicial district as to Defendant pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400(b).

## THE PATENT-IN-SUIT

8. Plaintiff hereby incorporates the preceding paragraphs as if fully set

LADoc1#327921

forth herein.

9. On October 23, 2001, the '148 Patent entitled "A System and Method Providing A Regulated Atmosphere For Packaging Perishable Goods" was duly and lawfully issued by the United States Patent and Trademark Office ("USPTO"). The '148 Patent is attached hereto as Exhibit A.

10. Plaintiff is the owner of the '148 Patent and possesses all rights of recovery under the '148 Patent, including the right to sue and recover all damages for infringement thereof, including past infringement.

## COUNT I – PATENT INFRINGEMENT

11. The preceding paragraphs are incorporated as if fully restated herein.

12. Upon information and belief, and in violation of 35 U.S.C. § 271(a), Defendant has infringed and continues to infringe at least Claim 1 of the '148 Patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, micro controlled atmosphere storage systems, including but not limited to Defendant's Micro CA Pallet System.

13. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

14. Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which by law cannot be less than reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

15. Plaintiff marks its products pursuant to 35 U.S.C. § 287.

16. Defendant's infringement of Plaintiff's rights under the '148 Patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff The Bowden Group respectfully requests

that this Court enter judgment against Defendant Storage Control Systems as follows:

  A. An adjudication that Defendant has infringed the '148 Patent;

  B. An award of damages to be paid by Defendant adequate to compensate Plaintiff for its past infringement and any continuing or future infringement up until the date such judgment is entered, including interest, costs and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate Plaintiff for Defendant's infringement, and an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

  C. Issue a preliminary injunction and permanent injunction prohibiting Defendant from using the technology claimed in the '148 Patent and requiring Defendant to discontinue its current infringing practices and destroy all infringing goods;

  D. An award to Plaintiff of its attorney fees, costs, and expenses incurred in prosecuting this action; and

  E. An award to Plaintiff of such further relief at law or in equity as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all claims and issues so triable.

DATED: December 21, 2011 VENABLE LLP

By: _____
TAMANY VINSON BENTZ
Venable LLP
2049 Century Park East, Suite 2100
Los Angeles, CA 90067
(310) 229-9900 (tel.)
(310) 229-9901 (fax)
tjbentz@venable.com

Attorneys for Plaintiff the Bowden Group